## INDEMNITY INS CO OF NO AMERICA v STATE

Ohio Appeals, 3rd Dist, Van Wert Co

No 127. Decided Feb 8, 1935

Hughes & Rodgers, for plaintiff in error.
John I. Miller, Van Wert, for defendant in error.

**OPINION**

By CROW, PJ.

To escape liability on the bond the Insurance Company asks application of the rule obtaining generally where an obligee of a bond of continuing guaranty to account for money, cannot enforce liability on the guaranty where the obligee knowingly conceals from the surety the misappropriation of money received by the agent after such knowledge by the obligee, under the doctrine applied in 7 **Ohio Appellate Reports, 167,** and many other like cases.

The chief question in the instant case is whether that doctrine can apply to a statutory public bond such as the one constituting the basis for recovery in the case at bar.

Sec 2751, GC, imposes no duty on any public officer in relation to the bond after it has been executed, excepting that the county commissioners shall approve the surety and pay out of the county treasury the expense or premium, and the county treasurer shall receive it when tendered for deposit with him.

There are other statutory provisions concerning the duties of the county recorder after he has qualified, but no statute has been cited to us and our search has discovered none, either expressly. or by implication conferring any power or imposing any duty on any public officer, pertaining to the bond of the county recorder, beyond what we have mentioned as in §2751 GC.

It is elementary that where as in the instance of a public officer such as a county recorder in Ohio, his powers and duties are defined by statutes, the officer can have no power or duty not expressly conferred or imposed by statute, and such as is necessarily implied for the proper exercise of the power or performance of the duty.

It therefore follows that there could not have been any failure of official duty toward the Insurance Company.

The liability arising on the bond required by §2751, GC, is absolute in that it is a clearly defined statutory creation for the public benefit, and unlimited excepting the penalty of two thousand dollars, which liability becomes fixed and irrevocable when assumed by the bonding or surety company, or two or more freeholders having real estate as specified in the section.

In that view which we hold to be the law, it is immaterial that the Insurance Company never knew of the first shortage and that no public officer took any action concerning the shortage.

The breach of the bond having arisen by reason of the second shortage, and the Insurance Company having no defense, the judgment for the amount of the shortage with interest was unattended by error, and must therefore be affirmed.

KLINGER and GUERNSEY, JJ, concur.